NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

CARMEN DI GIOVANNI, Derivatively
on Behalf of Nominal Defendant
BRIDGEPOINT EDUCATION, INC. and
SHARON A. GRAIG-JOHNSTON,

        Plaintiffs - Appellants,

  v.

ANDREW S. CLARK; et al.,

        Defendants - Appellees.

No.   14-56913

D.C. Nos.
3:13-cv-2947-JM-JLB
3:13-cv-2950-JM-JLB

MEMORANDUM[*]

On Appeal from the United States District Court
for the Southern District of California
Jeffrey T. Miller, District Judge, Presiding

Submitted November 9, 2016[**]
Pasadena, California

Before:  BERZON and NGUYEN, Circuit Judges, and ZOUHARY,[***] District Judge.

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     [**]     The panel unanimously concludes that this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

     [***]     The Honorable Jack Zouhary, United States District Judge for the Northern District of Ohio, sitting by designation.

Appellants challenge the dismissal of their shareholder derivative suit for failing to first make a demand on the board of directors under Federal Civil Rule 23.1. We affirm.

The sole issue on appeal is whether the directors "[stood] on both sides" of the proposed self-tender offer and were thus "interested" under *Aronson v. Lewis*, 473 A.2d 805, 812 (Del. 1984), *overruled on other grounds by Brehm v. Eisner*, 746 A.2d 244, 253 (Del. 2000), and its progeny. Delaware courts have repeatedly held that a director participating in a transaction as a shareholder is not "interested" when the director receives no benefit beyond that conferred on other shareholders. *See, e.g.*, *Pfeffer v. Redstone*, 965 A.2d 676, 690 (Del. 2009); *Unocal Corp. v. Mesa Petroleum Co.*, 493 A.2d 946, 958–59 (Del. 1985); *Frank v. Arnelle*, 1998 WL 668649, at *10 (Del. Ch. 1998).

Appellants attempt to distinguish this line of authority by noting the cases do not directly address the "on both sides of the transaction" language of *Aronson* and its progeny. But it makes no difference whether the courts directly addressed this language, because their holdings specifically addressed situations where directors participated in self-tender transactions on the same terms as other shareholders. Thus, they are controlling.

The Delaware Supreme Court's interpretation of "on both sides of the transaction" in *Nixon v. Blackwell*, 626 A.2d 1366 (Del. 1993), further supports this conclusion. *Nixon* addressed whether the business-judgment rule protected a board's decision to adopt an employee stock-ownership plan ("ESOP") and purchase key-man life-insurance policies. *Id.* at 1375–76. The court held that because "the defendants benefited from the ESOP and could have benefited from the key man life insurance *beyond that which benefited other stockholders generally*, the defendants [were] on both sides of the transaction." *Id.* at 1375 (emphasis added).

To the extent the Delaware Court of Chancery's decision in *eBay Domestic Holdings, Inc. v. Newmark*, 16 A.3d 1 (Del. Ch. 2010), is inconsistent with the Delaware Supreme Court holdings in *Redstone*, *Nixon*, and *Unocal*, it is not binding authority. Moreover, *eBay* is distinguishable because the transaction at issue (not a self-tender offer) disparately affected the shareholder plaintiff and involved control of the company. *See* 16 A.3d at 43.

In any event, *Aronson*'s language about directors "appear[ing] on both sides of a transaction" is not applicable to self-tender transactions like the one at issue here. It has been applied in situations where the interests of directors and other

3

shareholders are in conflict. These situations often, but not always, involve a benefit conferred on directors beyond that which flows generally to all shareholders. *Orman v. Cullman*, 794 A.2d 5, 25 n.50 (Del. Ch. 2002); *see also In re Freeport-McMoran Sulphur, Inc. S'holders Litig.*, 2001 WL 50203, at *3 (Del. Ch. 2001) (holding that a merger between two companies with common directors presents an inherent standing-on-both-sides conflict of interest).

Where, as here, directors merely participate as shareholders in a transaction, their interests are aligned with other shareholders. To say the directors nevertheless are "interested" because they stand "on both sides of the transaction" is to elevate form over substance.

**AFFIRMED.**